PEOPLE *v*. WORDEN

CRIMINAL LAW — CRIMINAL ACTS — CRIMINAL OFFENSES — INSTRUC-
TIONS TO JURY.

> Instruction to the jury that it could consider the defendant's
> prior and subsequent offenses was reversible error, even
> though a witness had testified as to prior acts committed
> by her and the defendant, where the defendant had not taken
> the stand and had not placed his criminal record in issue,
> because, since the term "offenses" is used synonymously with
> crimes, the jury could not help but believe that the defendant
> had committed prior and subsequent crimes (MCLA § 768.27).

Appeal from Kalamazoo, Wade Van Valkenburg,
J. Submitted Division 3 June 5, 1970, at Grand
Rapids. (Docket No. 7,925.) Decided October 5,
1970.

George L. Worden was convicted of uttering and
publishing. Defendant appeals. Reversed and re-
manded.

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, *Donald A. Burge,*
Prosecuting Attorney, and *James D. Hills,* Assistant
Prosecuting Attorney, for the people.

*Edward P. Thompson,* for defendant on appeal.

REFERENCE FOR POINTS IN HEADNOTE
29 Am Jur 2d, Evidence § 320 *et seq.*

Before: T. M. Burns, P. J., and Fitzgerald and Byrns,* JJ.

Per Curiam. The defendant was convicted by a jury of uttering and publishing, MCLA § 750.249 (Stat Ann 1962 Rev § 28.446), and he appeals the conviction, alleging error in the trial judge's charge to the jury.

Juanita Boston, a witness for the people, testified that she and the defendant had passed other checks subsequent to the date on which the crime in question was alleged to have occurred. The testimony was admitted for the sole purpose of establishing the defendant's intent and motive and was, therefore, in keeping with MCLA § 768.27 (Stat Ann 1954 Rev § 28.1050) which provides:

"In any criminal case where the defendant's motive, intent, the absence of, mistake or accident on his part, or the defendant's scheme, plan or system in doing an act, is material, any like acts or other acts of the defendant which may tend to show his motive, intent, the absence of, mistake or accident on his part, or the defendant's scheme, plan or system in doing the act, in question, may be proved, whether they are contemporaneous with or prior or subsequent thereto; notwithstanding that such proof may show or tend to show the commission of another or prior or subsequent crime by the defendant".

The testimony was, therefore, admissible despite the fact that it tended to show the commission of a subsequent crime by the defendant.

However, the statute refers only to "acts". Juanita Boston testified only to subsequent "acts". The trial court, in its instruction, referred to both prior and subsequent "offenses". The alleged error

---

* Circuit judge, sitting on the Court of Appeals by assignment.

was contained in the following portion of the instruction:

"Now then, perhaps I should say something about prior offenses. It has been our practice for many years and I don't know but forever back, to allow certain information about the prior record. Of course, when the defendant does take the stand, why, then he is questioned himself but we do allow a certain amount of this evidence to get in. Now then, if proof is brought in of a prior offense that is no proof of the present offense. In other words, to make the point plain, if a person should hold up a bank in Chicago and another bank is held up in Kalamazoo, it's no proof that the same man in Chicago held up the bank in Kalamazoo, you see, or if we have proof that the man held up a bank in Chicago there is no proof that he would repeat somewhere else. But nevertheless, that evidence is brought in for the purposes of showing the credibility. And also, it is sometimes brought in and is permitted by statute. Certain other offenses may be brought in in order to establish the intent or motive of the party, and as I told you from the statute, it includes these words, 'with intent to injure or defraud,' and that is the reason why some of that evidence, of course, is allowed to be introduced".

When defense counsel approached the bench to point out the court's use of the word "offenses" rather than "acts", the court stated:

"The attorneys called my attention to the fact that what I told you about prior offenses applies to subsequent offenses, too, that it's the whole picture, in other words".

The defendant contends that the court's use of this language could not have but persuaded the jury that the defendant was guilty of both prior and subsequent criminal acts. The jury was therefore,

according to the defendant, rendered incapable of sitting fairly and impartially.

The statute to be contended with is MCLA § 769.26 (Stat Ann 1954 Rev § 28.1096) which provides:

"No judgment or verdict shall be set aside or reversed or a new trial be granted by any court of this state in any criminal case, on the ground of misdirection of the jury, or the improper admission or rejection of evidence, or for error as to any matter of pleading or procedure, unless in the opinion of the court, after an examination of the entire cause, it shall affirmatively appear that the error complained of has resulted in a miscarriage of justice".

In the present case, it is clear that the jury, as a result of the instruction, was allowed to consider erroneous matters. The defendant did not take the stand. Any criminal record which he might have had was not, therefore, admitted into evidence for purposes of testing his credibility. The witness, Juanita Boston, testified to subsequent acts of the defendant only, while the trial court referred to both prior and subsequent "offenses".

The term "offenses" is used synonymously with crimes. The jury could not help but believe that the defendant had committed prior and subsequent crimes after hearing the judge's instructions. The result is, therefore, that the jury could not, as ordinary human beings, carry that impartiality to the jury room which is so essential to insure the defendant a fair trial.

We hold that the instruction by the trial court denied the defendant a fair trial. We reverse and remand for a new trial.